NUMBER 13-03-249-CR

COURT OF APPEALS

THIRTEENTH DISTRICT OF TEXAS

CORPUS CHRISTI - EDINBURG 
                                                                                                                      
 
MANDY RENEE GOROM,                                                           Appellant,

v.
 
THE STATE OF TEXAS,                                                     Appellee.
                                                                                                                                      

On appeal from the County Criminal Court at Law No. 7
of Harris County, Texas.
                                                                                                                      

MEMORANDUM OPINION

Before Justices Rodriguez, Castillo and Garza
Memorandum Opinion by Justice Garza
 
Following a jury trial, appellant, Mandy Renee Gorom, was convicted of driving while
intoxicated, sentenced to 180 days’ confinement in the Harris County Jail, and assessed
a fine of $600.00. The trial court placed appellant on community supervision for 18
months. By four issues, appellant challenges her conviction claiming that the trial court
erred in (1) permitting the State to question the arresting officer regarding a previously
dismissed DWI charge against appellant because such evidence was not relevant, (2)
permitting the State to question the arresting officer regarding the previous DWI charge
against appellant because the probative value of the testimony was substantially
outweighed by the danger of unfair prejudice, (3) permitting expert testimony from a
witness not included in the State’s Notice of Intention to Use Expert Testimony, and (4)
refusing to instruct the jury in accordance with article 38.22 of the Texas Code of Criminal
Procedure as to the legality of questioning appellant. We affirm. 
I. 
Appellant contends in her first and second issues that the trial court erred in
admitting evidence at the guilt/innocence phase that appellant, while being transported to
the station, told Deputy Gaudreau that her first charge of driving while intoxicated was
dismissed. Appellant contends that such evidence is not relevant and its probative value
was substantially outweighed by the danger of unfair prejudice. 
Forgoing any determination as to whether the trial court erred in admitting the
complained of evidence, we note that the erroneous admission of evidence constitutes
nonconstitutional error. See Johnson v. State, 967 S.W.2d 410, 417 (Tex. Crim. App.
1998). Any such error must be disregarded unless it affected a substantial right of the
defendant. Tex. R. App. P. 44.2(b); Woods v. State, 152 S.W.3d 105, 109-10 (Tex. Crim.
App. 2004). A substantial right is affected when the error has a substantial and injurious
effect or influence in determining the jury’s verdict. Woods, 152 S.W.3d at 109. Assuming,
arguendo, that the trial court erred in admitting appellant’s statement, we would
nevertheless overrule appellant’s first two issues because any such errors did not affect
appellant’s substantial rights. See Tex. R. App. P. 44.2(b). 
The record reflects that sometime after midnight on December 12, 2002, the Nassau
Bay Police Department dispatched Officer Miller to the intersection of NASA Road 1 and
NASA Drive, where Officer Miller found appellant asleep behind the steering wheel of her
vehicle. Officer Miller attempted to wake appellant by knocking on the window and by
shining his flashlight in her face but was unsuccessful. Officer Miller observed that
appellant’s vehicle, which was positioned in front of a stop light, was in drive and
appellant’s foot was on the brake. To prevent the vehicle from launching forward, he and
a second officer positioned their police cars directly in front and behind appellant’s vehicle.


 
Officer Miller testified that he had knocked on appellant’s window for about one minute or
so before moving his vehicle and then continued to try to get appellant’s attention by
knocking, yelling, and shining his flashlight in her face for another two to three minutes
before appellant finally responded. Officer Miller testified that when appellant woke up, he
asked her to roll the window down or open the door. He asked her to put the vehicle in
park. He testified that appellant went for the radio instead of the gear shift and that he had
to put the vehicle in park himself. According to Officer Miller, appellant was unaware of
what was going on; she was in a stupor and took a while to figure out that he was a police
officer. When she rolled down her window, an extremely strong odor of alcohol emerged
from the vehicle. Officer Miller asked appellant for identification and she gave him her
business card. Appellant’s speech was slurred and her eyes were glassy and bloodshot. 
Officer Miller believed appellant was “obviously intoxicated, extremely intoxicated.” 
Because Officer Miller was just outside his jurisdiction, he had Precinct 8 Deputy
Constable Gaudreau investigate the incident. Deputy Gaudreau testified that she received
the dispatch call at 1:20 a.m. She testified that appellant’s car was stopped right before
the intersection of NASA Road 1 and a side street. She stated that when she arrived at
the scene she first spoke to Officer Miller and then met with appellant who was still seated
in her vehicle. Deputy Gaudreau noted that appellant was disoriented, smelled of alcohol,
and had red eyes. Deputy Gaudreau conducted field sobriety tests, which appellant failed
because appellant was swaying and couldn’t keep her balance. Although appellant was
cooperative, she laughed during the tests.
Given this overwhelming proof of appellant’s guilt, we cannot conclude that the trial
court’s allegedly erroneous admission of testimony concerning appellant’s prior charge of
DWI had a substantial and injurious effect or influence on the jury’s determination of the
verdict. Accordingly, we overrule appellant’s first and second issues. See id.
II. 
In her third issue, appellant contends that the trial court erred in permitting a witness
to give expert testimony even though the witness was not included in the State’s Notice of
Intent to Use Expert Testimony. Specifically, appellant claims that the State’s notice of
intent to call “HCSO Officer: S. Gaudreau” did not provide notice that Deputy Gaudreau
would testify because the notice listed Deputy Gaudreau as a deputy sheriff, not a deputy
constable. The trial court overruled appellant’s objection stating that it did not agree with
her contention that the discrepancy amounted to no notice at all because it would be the
same as calling a person that did not exist. The court stated: “I don’t agree with that. I
guess if you could convince me that somehow preparation would be different [for a]
precinct constable as to deputy sheriff then perhaps we could discuss this.” The court
further noted that because appellant had not made any attempts to contact the witness,
there was no reason to believe appellant was actually harmed by the discrepancy. 
In Texas, criminal defendants do not have a general right to discover evidence in
the State’s possession, but they have been granted limited discovery by article 39.14 of the
Texas Code of Criminal Procedure. Washington v. State, 856 S.W.2d 184, 187 (Tex.
Crim. App. 1993) (citing Tex. Code Crim. Proc. art. 39.14 (Vernon Supp. 2004-05). Upon
request by the defense, the State must disclose the witnesses who will be used at any
stage of the trial. De Pena v. State, 148 S.W.3d 461, 465 (Tex. App.–Corpus Christi 2004,
no pet.). This includes expert witnesses. Id. The plain language of article 39.14(b)
provides that the court may order one party to disclose its trial witnesses upon the motion
of another party. We find that article 39.14(b) has no application here because appellant
did not request notice of expert witnesses and the trial court did not order such disclosure. 
Even if appellant had requested such notice, we would find that the State voluntarily
provided appellant with sufficient notice of its intent to call Deputy Gaudreau. Further, even
if the State’s notice did not provide appellant sufficient notice of its intent to call Deputy
Gaudreau, the trial court did not abuse its discretion in admitting the testimony because
appellant should have reasonably anticipated Deputy Gaudreau’s testimony considering
she was the one who conducted the field sobriety tests and was the arresting officer. See
id. at 468. We note that appellant also raised a constitutional claim in this issue; however,
appellant failed to provide a clear and concise argument for the contentions made and as
such the constitutional sub-issue presents nothing for review. See Tex. R. App. P. 38.1(h).
Appellant’s third issue is overruled. 
III. 
In her fourth issue, appellant contends that the trial court erred in not instructing the 
jury in accordance with article 38.22 of the Texas Code of Criminal Procedure as to the
legality of questioning appellant while in custody. See Tex. Code Crim. Proc. Ann. art.
38.22 (Vernon Supp. 2004-05). Appellant claims that she was entitled to an article 38.23
jury instruction with respect to her oral statement to Deputy Gaudreau because there was
a factual dispute as to whether she was being interrogated at the time of the statement. 
We disagree. The protections of article 38.22 and the state and federal constitutions do
not apply to custodial statements “which are not confessional in nature and which do not
implicate the accused in the offense.” See Burns v. State, 807 S.W.2d 878, 882 (Tex.
App.–Corpus Christi 1991, pet. ref’d). Because it is uncontroverted that appellant was in
custody at the time of the statement, we must determine whether appellant’s statement
that she had a prior DWI that was dismissed was confessional in nature. We conclude that
it was not. The statement did not concede guilt for the instant offense and likewise did not
concede guilt for the prior offense. Instead, it merely referred to a previous DWI arrest and
the disposition of that arrest. The admission of the statement was not barred by article
38.22. Id. As such, appellant was not entitled to the protection of article 38.22. 
Appellant’s fourth issue is overruled. 
IV.
The judgment of the trial court is affirmed.                                         
 
                                                                           _______________________
DORI CONTRERAS GARZA,
                                                                           Justice
 
Do not publish. 
Tex.R.App.P. 47.2(b)
Memorandum Opinion delivered and 
filed this the 21st day of April, 2005.